116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael A. BETHEA, Petitioner-Appellant,
v.
Jeffrey J. CLARK, Warden, Respondent-Appellee.
 No. 95-4067.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997*
Decided May 23, 1997.
Rehearing Denied June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division, No. 95 C 151; Harry J. McKinney, Judge.
 
 
 1
 FAIRCHILD, BAUER, and COFFEE, C.J.
 
 ORDER
 
 2
 Michael Bethea appeals from the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2241. His petition challenged the United States Parole Commission's revocation of his parole and its calculation of his remaining sentence.
 
 
 3
 Our review of the record leaves no doubt that the Commission had a rational basis for its finding that Bethea committed the offense of robbery, Walrath v. Getty, 71 F.3d 679, 684 (7th Cir.1995), and that it did not, as Bethea alleges, ignore the tape recorded evidence he submitted. Only one issue merits separate mention. Bethea, who is incarcerated on a mixed sentence for committing separate offenses under the District of Columbia Code and the United States Code, is subject in part to the District of Columbia's parole eligibility rules.See Thomas v. Brennan, 961 F.2d 612, 613-15 (7th Cir.1992). He argues that the District of Columbia's later-enacted "Good Time Credits Act," D.C.Code § 24-431(a) implicitly repealed the long-standing "street time" forfeiture provision of D.C.Code § 24-206(a). If this were true, the Parole Commission would be obligated to credit his sentence fully for the street time he completed before his parole was revoked. The district court disagreed on the persuasive authority of the Ninth Circuit's decision in Tyler v. United States, 929 F.2d 451 (9th Cir.1991). More recently, the District of Columbia Court of Appeals has also rejected the implicit repeal argument on certification of the question from the D.C. Circuit, see United States Parole Commission v. Noble, No. 96-SP-578, 1997 WL 183903 (D.C. Apr. 17, 1997). Because this latter decision represents the authoritative interpretation of the D.C.Code, we affirm on its basis.
 
 
 4
 Thus modified, we AFFIRM for the reasons stated by the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a), Cir. R. 34(f)